CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 16 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **LAMAR DIXON,** | ) | **CASE NO. 7:12CV00205** |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **DIRECTOR, DEPARTMENT** | ) | |
| **OF CORRECTIONS,** | ) | **By:  Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Respondent.** | ) | |

Lamar Dixon, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his detention under the June, 2008 judgment of the Circuit Court for Alleghany County convicting him of drug offenses. Upon review of the record, the court concludes that the respondent's motion to dismiss must be granted.

**I**

Dixon faced two charges in the Circuit Court for Alleghany County for possession with the intent to distribute a controlled substance, second or subsequent offense (Case Nos. CR07-164-00 and -01).  A jury found Dixon guilty of both offenses and recommended a 50-year prison term, which the Court imposed by final order entered June 13, 2008.

Dixon appealed.  The Court of Appeals of Virginia denied Dixon's petition for appeal by order dated May 29, 2009 (Record No. 14-08-3), and the Supreme Court of Virginia refused his subsequent appeal by order dated March 23, 2010 (Record No. 092112).

The Supreme Court of Virginia received Dixon's petition for a writ of habeas corpus on April 4, 2011 (Record No. 1173686).  This petition alleged 14 grounds for relief similar to the

grounds raised in Dixon's federal habeas petition. By order dated January 10, 2012, the Supreme Court of Virginia found that Dixon's state habeas petition was untimely filed under Virginia Code § 8.01-654(A)(2) (mandating that a habeas petition challenging a criminal judgment be filed within two years from final judgment in the trial court or one year from completion of direct appeal or expiration of time for filing such appeal, whichever is later). The Court denied Dixon's motion to file a supplemental pleading and his petition for rehearing, respectively, by orders dated March 15 and April 26, 2012.

Dixon signed and dated his § 2254 petition on May 1, 2012, alleging 14 grounds for relief. The respondent moved to dismiss Dixon's petition as procedurally defaulted and untimely filed. See 28 U.S.C. § 2244(d). Dixon responded, but thereafter moved for and was granted leave to amend his petition so as to add four more claims (ECF Nos. 24 & 26). The respondent filed a supplemental motion to dismiss the amended petition. The court notified Dixon of the motion, but he did not file any additional response, and his time to reply has passed, making the matter ripe for disposition.

## II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final, when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A).[1] Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an

---

[1] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

inmate's "properly filed application for State post-conviction or other collateral review" is pending.  Because statutory time limits on state petitions are "condition[s] to filing," an untimely petition is not "properly filed" for purposes of tolling under § 2244(d)(2).  Artuz v. Bennett, 531 U.S. 4, 11 (2000).

The Supreme Court of Virginia denied Dixon's direct appeal on March 23, 2010. Dixon's convictions became final under § 2244(d)(1)(A), and his one-year filing period under that subsection began to run, on June 21, 2010, when the 90-day period for him to file a petition for a writ of certiorari in the United States Supreme Court expired.[2]  See Sup. Ct. R. 13(1).  One year later, on June 21, 2011, Dixon's opportunity to file a timely § 2254 petition expired.  Dixon did not execute his federal habeas petition until May 1, 2012 (ECF No. 1), and did not execute his amended petition until August 23, 2012 (ECF No. 24), at the earliest.[3]  Thus, Dixon's petition is untimely filed under § 2244(d)(1)(A).

Dixon appears to assert that his amended § 2254 claims are timely under § 2244(d)(1)(D), because the four amended claims are "newly discover[ed]." (ECF No. 26, at 4.) This argument fails.  Subsection 2244(d)(1)(D) allows calculation of a habeas petitioner's federal

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2]  See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so – 90 days – has elapsed.").

[3]  A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court.  See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988).

filing period from the date on which he could first have discovered, "through the exercise of due diligence," the facts necessary to his § 2254 claims. Dixon does not identify any fact pertinent to his amended claims that was unknown to him at the time of trial. Thus, Dixon fails to demonstrate any ground for calculation of the timeliness of his amended claims under § 2244(d)(1)(D).

Dixon also does not allege facts on which his § 2254 petition could be deemed timely under § 2244(d)(1)(B), based on the removal of an impediment, or § 2244(d)(1)(C), based on a new, retroactive Supreme Court decision. Therefore, Dixon's petition is untimely under all subsections of § 2244(d) and is barred from review of the merits unless he demonstrates some ground for statutory or equitable tolling.

Dixon fails to demonstrate that he is entitled to statutory tolling of the filing period under § 2244(d)(2). Because the Supreme Court of Virginia dismissed Dixon's state habeas petition as untimely filed, this petition was not "properly filed" for purposes of tolling under § 2244(d)(2). Artuz, 531 U.S. at 11. Therefore, Dixon is not entitled to tolling of the federal filing period during the time when his state habeas petition pended in the Supreme Court of Virginia.[4]

Equitable tolling is only available in federal habeas where the petitioner shows that: (1) he pursued his rights with reasonable diligence; and (2) some extraordinary circumstance prevented him from timely filing his habeas petition. See Holland v. Florida, __ U.S.__, 130 S. Ct. 2549, 2562 (2010). Only in those "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the

---

[4] See Escalante v. Watson, No. 10-7240, slip copy, 2012 WL 2914239, *2-3 (4th Cir. July 18, 2012) (finding that where petition for habeas appeal was not properly filed in the Supreme Court of Virginia, petitioner not entitled to tolling for period when timely notice of appeal and improperly filed habeas appeal petition were pending); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va.), appeal dismissed, 47 F. App'x 200 (4th Cir. 2001) (unpublished) (same, noting that "just because [an] application [for a habeas appeal] is pending, does not mean that [the appeal] was properly filed").

party and gross injustice would result" is equitable tolling warranted.  Green v. Johnson, 515

F.3d 290, 304 (4th Cir. 2008).  Generally, an inmate's pro se status and ignorance of the law are

not sufficient grounds to justify equitable tolling.  United States v. Sosa, 364 F.3d 507, 512 (4th

Cir. 2004).

Dixon argues that he is entitled to equitable tolling because his failure to file his state

habeas petition within one year of the completion of his direct appeal proceedings was not his

fault.  Dixon alleges that he signed and dated his state petition on March 22, 2011 (Tuesday),

within the one-year filing period in § 8.01-654(A)(2).  Relying on faulty advice from a prison

law library clerk, however, Dixon mailed the petition to the Court of Appeals of Virginia.  The

Court of Appeals returned the petition to Dixon with a letter dated March 24, 2011, stating that

from review of his petition, "it appears as though you intended to file it in the Circuit Court of

Alleghany County." (ECF No. 22-1, at 2.)  Dixon admits that his petition was addressed to the

circuit court.  Dixon immediately mailed his petition to the Supreme Court of Virginia, where it

was received on April 4, 2011, and was, ultimately, dismissed as untimely filed under § 8.01-

654(A)(2).

Based on this sequence of events, Dixon first argues that the institutional law clerk's

faulty advice constitutes grounds for equitable tolling.  This argument is without merit.  Dixon's

choice to rely on a law clerk's information about where to file his petition is analogous to a

client's reliance on counsel's advice on legal matters, which does not constitute a circumstance

outside his control for equitable tolling purposes.  See Rouse v. Lee, 339 F.3d 238, 249 (4th Cir.

2003) (upholding, en banc, district court's finding that "as a matter of law, a 'mistake of counsel

does not serve as a ground for equitable tolling").  The law clerk's misadvice cannot provide a

basis for equitable tolling. <u>See, e.g.</u>, <u>United States v. Denny</u>, 694 F.3d 1185, 1191 (10th Cir. 2012) (relying on another inmate's advice did not relieve plaintiff of duty to follow law).

Dixon next argues that under Virginia Code Ann. § 8.01-677.1, the Court of Appeals of Virginia was required to forward Dixon's misfiled state <u>habeas</u> petition to the Supreme Court of Virginia. Section 8.01-677.1, by its own terms, applies only to appeals filed in the wrong court.[5] Neither this section nor any other statutory provision requires the Court of Appeals of Virginia to forward matters of original jurisdiction, such as a habeas corpus petition, to the Supreme Court of Virginia.[6] Moreover, such a rule would prove unworkable in the case of habeas corpus petitions, which may be filed in either the circuit court of conviction or the Supreme Court of Virginia. The Court of Appeals cannot be obligated to decide where the petitioner intended to file his <u>habeas</u> petition. Dixon is not entitled to equitable tolling based on the Court of Appeals' failure to forward his state petition to the Supreme Court of Virginia.

---

[5] Section 8.01-677.1 states, in pertinent part:

> [N]o appeal which was otherwise properly and timely filed shall be dismissed for want of jurisdiction solely because it was filed in either the Supreme Court or the Court of Appeals and the appellate court in which it was filed thereafter rules that it should have been filed in the other court. In such event, the appellate court so ruling shall transfer the appeal to the appellate court having appropriate jurisdiction for further proceedings in accordance with the rules of the latter court.

[6] Because § 8.01-677.1 did not require the Court of Appeals of Virginia to forward Dixon's petition to the Supreme Court of Virginia, Dixon also has no valid argument that the Supreme Court of Virginia erred in dismissing his petition as untimely filed under § 8.01-654(A)(2). Similarly, Dixon has no valid claim for tolling of the state <u>habeas</u> limitations period during the 90 days when he could have filed a petition for a writ of certiorari to the United States Supreme Court; Section 8.01-654(A)(2) expressly starts the limitation period on the date of the trial court judgment, completion of state court appeals, or exhaustion of state court appeal opportunities. Moreover, Dixon cannot achieve federal <u>habeas</u> relief based merely on an alleged error under state law. <u>See Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991 (reemphasizing principle that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Finally, Dixon argues that three additional factors warrant equitable tolling of the filing period under § 2244(d): despite repeated requests for library access to research and prepare his state habeas petition, prison officials did not approve Dixon for such access until January 2011;[7] the prison's law library contains only three computers on which inmates may conduct legal research; and Dixon has only a seventh-grade education and is not computer-literate. Dixon's own educational and legal shortcomings are not factors external to him and, therefore, do not excuse him from his responsibility to follow the law and meet statutory filing deadlines. Denny, 694 F.3d at 119.  Moreover, Dixon's allegations do not show that the prison's library facilities and policies prevented him from preparing an adequate and timely habeas petition, merely because he did not have all the law library time and resources he believed necessary to crafting his petition.  Dixon chose to continue working on the petition until the last few days before his filing deadline passed, thus creating the risk that a problem in the mailing process would render his petition untimely.

For the reasons stated, the court concludes that Dixon's § 2254 petition is untimely filed under § 2244(d) and that he has failed to state facts on which he is entitled to equitable tolling of this federal statute of limitations.  The court grants the motion to dismiss on these grounds.

### III

The motion to dismiss also asserts that Dixon's claims are procedurally barred from federal habeas review.  This argument is well taken.  As stated, the Supreme Court of Virginia dismissed Dixon's state habeas petition as untimely under state law.  See Va. Code. Ann. § 8.01-654(A)(2).  Any claims in the federal petition that were not raised in the state petition are unexhausted and if now raised in a new state habeas petition, would also be time-barred under

---

[7] From January to March 2011, Dixon had approximately five, two-hour visits to the law library.

§ 8.01-654(A)(2). The United States Court of Appeals for the Fourth Circuit has recognized that a state statute of limitations is an adequate and independent state procedural bar that precludes federal review of the claim on the merits. See Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Thus, all of Dixon's claims are procedurally barred from federal habeas review absent a showing of cause for the default and resulting prejudice, or actual innocence. Wolfe v. Johnson, 565 F.3d 140, 160 (4th Cir. 2009). To show cause, Dixon must allege facts demonstrating some circumstance external to himself that prevented him from filing his state habeas petition in a timely manner. Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006).

Dixon apparently attempts to show cause for his defaults by relying on the same facts that he offers in seeking equitable tolling, namely the problems of conducting legal research and preparing pleadings while incarcerated, the faulty advice to file his habeas petition in the Court of Appeals, and that court's failure to forward his petition to the Supreme Court of Virginia. For the same reasons that these factors do not support equitable tolling, they do not constitute cause to excuse Dixon's default. Dixon makes no colorable claim of actual innocence.[8] Accordingly, the court grants the motion to dismiss his claims as procedurally defaulted.

### III

For the reasons stated, the court grants the motion to dismiss and dismisses Dixon's petition. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 16th day of January, 2013.

_____
Chief United States District Judge

---

[8] See House v. Bell, 547 U.S. 518, 536-37 (2006) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new [and reliable] evidence [not presented at trial], it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.").